UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| CHRISTOPHER E. HODGES, Plaintiff | CIVIL ACTION NO. 1:16-CV-01394 |
|---|---|
| VERSUS | CHIEF JUDGE DRELL |
| RUBY MARIE MANCHESTER, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is Ruby Marie Manchester's ("Manchester") Motion for Leave to Proceed *in forma pauperis* filed on October 5, 2016. (Doc. 2).

I.  Background

Manchester's application states that she is presently employed, married[1], and has one dependent[2]. Manchester states that she receives $500.00 per week in take-home pay. Manchester states she has approximately $200.00 in cash or a checking or savings account.

Manchester lists two significant assets on her application: a 2011 Hyundai Sonta, with a value of $9,000.00, and a home valued at $70,000.00. Her monthly expenses, including a house and car note, utilities, telephone, and car insurance, total $1,625.96 per month. The amount of Manchester's monthly income is approximately

---

[1] In the Notice of Removal, she notes that she is married to Von Manchester. (Doc. 1, 2/21).

[2] Although Ruby Marie Manchester filled out and signed the application, she lists herself as a dependent, with wife and housewife next to her name as a parenthetical, in section 7 of the *in forma pauperis* application.

$374.04 more than her combined monthly expenses. Plaintiff additionally lists her car and house as debts, but both her house and car note are included in the calculation of monthly expenses.

## II.   Discussion

28 U.S.C. § 1915 governs applications for leave to proceed *in forma pauperis*. Subsection (a)(1) states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[3] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

The district court has discretion to grant or deny a request to proceed *in forma pauperis*. Williams v. Estelle, 681 F.2d 946, 947 (5th Cir. 1982) (citing Green v. Estelle, 649 F.2d 298, 302 (5th Cir. 1981)). A party does not need to be completely destitute in order to proceed *in forma pauperis*. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit which states that the party cannot pay, because of his poverty, and still be able to provide himself and dependents with the necessities of life, is sufficient. Id.

Applying these standards, a monthly income of $3,400.00 with monthly expenses totaling $3,846.00 was found sufficient to deny *in forma pauperis* status, where the plaintiff had a home (valued at $101,000.00), two vehicles (valued at

---

[3] The use of the word "prisoner" was an oversight. This paragraph applies to all individuals, not just prisoners. Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997).

2

$40,000.00 and $3,000.00, respectively), and $200.00 each in cash and in a bank account. Buckhaulter v. Bank of America Corp., No. 3:14-CV-545, 2014 WL 4370619 (S.D. MS. Aug. 29, 2014). The court found that the family would not be rendered destitute given the home and vehicle ownership. Id. Additionally, an income of approximately $20,000.00 was sufficient to deny *in forma pauperis* status. Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc., 865 F.2d 22 (2nd Cir. 1988); see also Ponder v. Schultz, No. 3:02-CV-1353, 2002 WL 3114054 (N.D. TX. Sept. 20, 2002) (a combined monthly income of $2,876.00 was enough to deny *in forma pauperis* status). In another case, the plaintiff was denied *in forma pauperis* status, as he had a monthly income of $3,025.00, owned a home and two cars (one of which belonged to his spouse), and had a savings account with $76.00. Plaintiff's only dependent was his spouse. Duran v. Macias-Price, No. 1:07-cv-01209, 2007 WL 2462066 (E.D. Ca. Aug. 27, 2007).

 Here, while Manchester states she has approximately $200.00 in either cash or bank accounts, she has two significant assets in her home and vehicle. Furthermore, Manchester is employed and receives $500.00 per week in take-home pay. Thus, Manchester has a yearly total take-home pay of $26,000. Although it is unclear from her *in forma pauperis* application whether she is the sole provider in her household, her income alone is still over the 2015 poverty guidelines of $20,090.00 for a three-person household.[4]

---

[4] See https://aspe.hhs.gov/2015-poverty-guidelines#guidelines (last accessed October 18, 2016).

3

Manchester is not indigent and unable to pay the filing fee or guarantee costs without sacrificing the necessities of life. Manchester and her family would not be rendered destitute by paying the filing fees, as she has at least two significant assets and a total yearly income that is well above the poverty guideline for a three-person household.

III.  Conclusion

Based on the foregoing, IT IS RECOMMENDED that Ruby Marie Manchester's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be DENIED, and that she be ORDERED to pay the filing fee within thirty days or face dismissal of the action.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P.

4

6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of November, 2016.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge