UNITED STATES DISTRICT COURT         b
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

CHRISTOPHER E. HODGES         CIVIL ACTION 1:16-CV-01394

VERSUS         CHIEF JUDGE DRELL

RUBY MARIE MANCHESTER         MAGISTRATE JUDGE PEREZ-MONTES

## REPORT AND RECOMMENDATION

### I. Background

Before the Court is a complaint removed by Defendant Ruby Marie Manchester ("Manchester") from a Louisiana state court. Manchester premises federal jurisdiction on the Family in Need of Services program, which receives federal funding. This case involves a child custody dispute and allegations of child abuse.

Hodges originally filed this action in a Louisiana state court, asking that the family of the minor child (of whom he is the father) be adjudicated a family in need of services. Hodges contends that, although he is the custodial parent, the child has been residing with her mother, the Defendant, because he was not able to control the child. Hodges further contends he was notified by the Concordia Parish School Officials that she has not been attending school, he believes she intends to drop out of school, he believes she has been sexually active with a nineteen-year-old male as well as others, and she was found riding in a vehicle in Mississippi and consuming alcoholic beverages with that male. Hodges was granted temporary custody of the minor and Defendant was denied visitation (Doc. 1-1).

Manchester filed notice of removal (Doc. 1). Hodges filed a motion to dismiss for lack of subject matter jurisdiction (Doc. 11). Hodges's motion to dismiss is now before the Court for disposition.

II.     Law and Analysis

Federal courts have limited subject matter jurisdiction and cannot entertain cases unless authorized by the Constitution and legislation. See Coury v. Prot, 85 F.3d 244, 248 (5th Cir.1996). There is a presumption against subject matter jurisdiction that must be rebutted by the party bringing an action to federal court. See Coury, 85 F.3d at 248. The party seeking to invoke the jurisdiction of the federal court has the burden of proving that jurisdiction exists. See Aetna Cas. & Sur. Co. v. Hillman, 796 F.2d 770, 775 (5th Cir. 1986).

Subject matter jurisdiction must exist at the time of removal to federal court, based on the fact and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Dir. 1998). Remand is proper if at any time the Court lacks subject matter jurisdiction. See 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. See Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).

Federal courts have no jurisdiction, even under the diversity statute, over an action in divorce, alimony, or child custody. See Ankenbrandt v. Richards, 504 U.S. 689, 701-702 (1992) (citing *In re* Burrus, 136 U.S. 586, 594-96 (1890); Barber v. Barber, 62 U.S. 582, 584 (1858)). This is known as the "domestic relations exception"

to federal jurisdiction. See Ankenbrandt, 504 U.S. at 693-95. The domestic relations exception covers only a narrow range of domestic relations issues. See Ankenbrandt, 504 U.S. at 701; see also Marshall v. Marshall, 547 U.S. 293, 308 (2006).

The Supreme Court has held the domestic relations exception does not apply in a suit in which a former spouse sues another on behalf of children alleged to have been abused. If the allegations in such a complaint do not request the district court to issue a divorce, alimony, or child custody decree, the suit is appropriate for the exercise of § 1332 jurisdiction when there is diverse citizenship between the parties and the pleading of the relevant amount in controversy. Ankenbrandt v. Richards, 504 U.S. 689, 706–07 (1992).

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal citation and quotation omitted). Further, "when jurisdiction depends on citizenship, citizenship must be *distinctly* and *affirmatively* alleged." Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am., 841 F.2d 1254, 1259 (5th Cir. 1988). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. Acridge v. Evangelical Lutheran Good Samaritan Soc., 334 F.3d 444, 448 (5th Cir. 2003).

In this case, there is no diversity of citizenship. Both Plaintiff and Defendant reside in Louisiana.

Moreover, the parties are suing, at least in part, over custody of the minor child, so the domestic relations exception to federal jurisdiction applies. There does not yet appear to be a tort claim for damages. Federal jurisdiction is not invoked simply because the Family In Need of Services program receives federal funding.

Therefore, this Court lacks subject matter jurisdiction over this case.

III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER RECOMMENDED that the Clerk of Court be DIRECTED TO REMAND this case to the Louisiana Seventh Judicial District Court in Concordia Parish.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this 28th day of April, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge

5